SPG Advance, LLC v Key Bank N.A. (2021 NY Slip Op 05837)





SPG Advance, LLC v Key Bank N.A.


2021 NY Slip Op 05837


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 652645/20 Appeal No. 14499 Case No. 2020-04216 

[*1]SPG Advance, LLC, Doing Business as Tiger Capital Group, Plaintiff-Appellant,
v
Key Bank National Association, Defendant-Respondent.


Austin LLP, New York (David J. Austin of counsel), for appellant.
Nolan Heller Kauffman LLP, Albany (Marco B. Koshykar of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered September 15, 2020, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, solely to declare that defendant has a superior, present, and legal right under its first-position perfected UCC security interest to collect and possess all personal property and assets of nonparty American Heritage Billiards, LLC (American Heritage), notwithstanding plaintiff's allegations of its own junior and subordinate lien, and, as so modified, affirmed, without costs.
Defendant established through documentary evidence that its security interest in American Heritage's receivables, perfected in 2012, had priority over the interest of plaintiff, whose security interest was perfected in 2020. We note, as a preliminary matter, that in many instances plaintiff speculates in the complaint about future events and actions that it alleges would have been taken by nonparty Costco Wholesale Corporation, the holder of the subject restrained funds, rather than alleging facts that would establish that events or actions had taken place (see Heritage Partners, LLC v Stroock & Stroock & Lavan LLP, 133 AD3d 428, 429 [1st Dept 2015], lv denied 27 NY3d 904 [2016]). Contrary to plaintiff's contentions, the Fourth Amendment to the Credit Agreement between defendant and American Heritage, in which defendant and American Heritage acknowledged numerous Events of Default by American Heritage under the Credit Agreement but agreed to allow the loan to continue to maturity on May 31, 2020, and other documentary evidence shows that defendant never waived any of its security rights in connection with its loan to American Heritage. The numerous cases on which plaintiff relies for the proposition that a senior creditor cannot refuse to exercise its rights under a security agreement while impairing the status of junior creditors by preventing them from exercising valid liens are inapplicable to the facts as alleged in the complaint (see Humble Oil & Refining Co. v Pathological & Diagnostic Laboratories, Inc., 11 UCC Rep Serv 386 [Civ Ct, NY County 1972]; see also Frierson v United Farm Agency, Inc., 868 F2d 302, 305 [8th Cir 1989]; S.E.I.U. Local No. 4 Pension Fund v Pinnacle Health Care of Berwyn LLC, 560 F Supp 2d 647 [ND Ill 2008]). In those cases, the senior creditors did not take any actions to formally declare a default and collect on their security interest. In contrast, any right that plaintiff might have had to collect from Costco funds payable to American Heritage and apply them to the outstanding balance of its loan to American Heritage was extinguished when defendant filed the Ohio action seeking to collect on its security interest.
We have considered plaintiff's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021